## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

| | |
|---|---|
| SARAH HERBERT, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) **CAUSE NO:** |
| | ) |
| INDIANA UNIVERSITY HEALTH,) | |
| | ) |
| DEFENDANT. | ) |

**1:13 -cv- 0176 JMS -TAB**

January 31, 2012

## COMPLAINT

COUNSEL: Michael S. Dalrymple (23539-53), Michael S. Dalrymple, Attorney at Law, Indianapolis, Indiana, Attorney for Plaintiff.

## TITLE: COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1.    The plaintiff, Sarah Herbert, ("Plaintiff") brings this action against her former employer, Indiana University Health ("Defendant"), pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"),

1

42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a all as amended. Plaintiff alleges that Defendant discriminated against her due to her disability.

## II. Parties

2.    Plaintiff is a resident of the State of Indiana, who at all times relevant to this action resided within the State of Indiana and was employed within the geographical boundaries of the Southern District of Indiana.

3.    Defendant is a corporation doing business within the geographical boundaries of the Southern District of Indiana.

## III. Jurisdiction And Venue

4.    This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5) and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2)

7. Employer has and at all relative times maintained at least fifteen (15) employees.

8. Plaintiff is an "employee" within the meaning of Title I of The Americans with Disabilities Act.

9. Plaintiff satisfied her obligation to exhaust administrative remedies, by timely filing a charge of discrimination (Charge Nos. 470-2011-03293) (attached hereto as exhibit A) with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") alleging discrimination on the basis of disability and genetic information. Plaintiff received her Notice of Right to Sue from the EEOC (attached hereto as Exhibit B) and brings this original action within ninety (90) days of receipt thereof.

10. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. Factual Allegations

11. Plaintiff works as a laboratory technician. She holds a CNA certification and a Practical Nursing Certificate.

12. Plaintiff has a disability, as defined by the Americans with Disabilities Act, in that she was diagnosed with Multiple Sclerosis. Her disability substantially limits one or more major life activities.

3

13.     Plaintiff was employed by U.S. Oncology, an company affiliated with Defendant, since November 2009.

14.     While employed by U.S. Oncology, Plaintiff was not promoted and coworkers with less seniority and experienced were promoted before her.

15.     In March of 2011, Defendant offered Plaintiff a laboratory Assistant position.

16.     As a part of the application process, Plaintiff completed an application for employment and a consent to a background check.

17.     On her application for employment, Plaintiff disclosed that she previously was a party to litigation involving check deception.

18.     After extending the offer of employment to Plaintiff, Defendant required Plaintiff to submit to a medical evaluation.

19.     The medical evaluation disclosed Plaintiff's disability.

20.     After conducting the medical evaluation, Defendant rescinded its offer of employment to Plaintiff.

21.     Plaintiff is otherwise eligible for employment with Defendant and was qualified for the position offered to her.

22.     Two months prior to her termination of employment, Babar Rizvi, Laboratory Director, informed Plaintiff that she was not promoted due to her disability.

23.     Mr. Rizvi provided the letter to Plaintiff terminating her employment.

24.     On September 22, 2011, Plaintiff filed a charge of discrimination with the EEOC.

25. On September 20, 2012, the EEOC determined that Defended discriminated against Plaintiff due to her disability in violation of the Americans with Disabilities Act by first offering her employment and then rescinding the offer after requesting and obtaining detailed medical information from Plaintiff.

26. Defendant's reasons for rescinding Plaintiff's offer of employment are pretextual. Plaintiff was discriminated against due to her disability.

27. Defendant intentionally discriminated against Plaintiff on the basis of her disability as protected by the Americans with Disabilities Act.

28. Plaintiff was and continues to be economically, physically, and emotionally harmed by Defendant's discriminatory actions.

## V.  Violation of the Americans with Disabilities Act

29. Plaintiff hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint, as if the same were set forth at length herein.

30. Defendant violated the Americans with Disabilities Act by rescinding Plaintiff's offer of employment after administering a medical examination and discriminating against Plaintiff due to her actual or perceived disability.

31. After subjecting the Plaintiff to the unlawful disability- related inquiries described above, Defendant rescinded Plaintiff's offer of employment based on impairments that substantially limit a major life activity and/or

regarded her as having disabilities by rejecting her based on actual or
perceived impairments.

32. Defendant implemented qualification standards or selection criteria that
screened out or tended to screen out individuals with disabilities, including
Plaintiff. All in violation of the Americans with Disabilities Act.

33. Defendant's practice of conducting the pre-offer disability-related inquiries
and physical examinations described above and then using the results of
those inquiries and examinations to reject applicants for employment,
tended to exclude individuals with disabilities, including Plaintiff, from
employment even when those individuals at all times relevant met the
qualifications of the position. This practice resulted in the termination of
Plaintiff's employment and was in violation of the Americans with
Disabilities Act.

34. Defendant treated Plaintiff less favorably in the terms, privileges, and
conditions of her employment than similarly-situated coworkers.

35. Defendant's actions were intentional, willful, and/or undertaken in reckless
disregard of Plaintiff's rights as protected by the Americans with
Disabilities Act.

36. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

## **Relief Requested**

WHEREFORE, Plaintiff, Sarah Herbert, requests that this Court find in her favor and
provide her with the following relief:

A.      Enjoin Defendant from engaging in further violations of the Americans with Disabilities Act;

B.      Order Defendant to rehire Plaintiff with all commensurate compensation, benefits and seniority or payment of front pay in lieu thereof;

C.      Order Defendant to pay to Plaintiff wages, benefits, compensation, and all monetary loss suffered as a result of Defendant's wrongful and unlawful actions in an amount that will make her whole;

D.      Order Defendant to pay to Plaintiff liquidated damages;

E.      Order Defendant to pay to Plaintiff compensatory and punitive damages;

F.      Order Defendant to pay Plaintiff's costs and attorney fees incurred in litigating this action;

G.      Order Defendant to pay to Plaintiff pre- and post-judgment interest on all sums recoverable; and

H.      Order Defendant to provide to Plaintiff any and all other legal and/or equitable relief that may be just and proper.

Respectfully submitted,

_____

/s Michael S. Dalrymple

Michael S. Dalrymple, (23539-53)

Michael S. Dalrymple, Attorney at Law

1847 Broad Ripple Avenue

Suite 1A

Indianapolis, Indiana 46220

(317) 614-7390

michaeld@dalrymple-law.com

Attorney for Plaintiff,

## DEMAND FOR JURY TRIAL

The Plaintiff, Sarah Herbert, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Michael S. Dalrymple

Michael S. Dalrymple, (23539-53)

Michael S. Dalrymple, Attorney at Law

1847 Broad Ripple Avenue

Suite 1A

Indianapolis, Indiana 46220

(317) 614-7390

michaeld@dalrymple-law.com

Attorney for Plaintiff,